# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Abigail Scudder Duffy, Respondent.

Appellate Case No. 2016-001742

Opinion No. 27679
Submitted October 31, 2016 – Filed November 16, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Stephanie Nichole Weissenstein, of McDonnell & Associates, P.A., of Lexington, for Respondent.

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition or public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### Matter A

Respondent represented clients in a pending family court matter. On February 5, 2016, respondent sent a letter regarding the case to the family court judge (Judge A) but failed to copy opposing counsel. In the letter, respondent notified Judge A that her clients had filed a complaint against the judge with ODC. Consequently, respondent requested Judge A issue an order of permanent recusal on any case in which her clients might appear as litigants or where respondent would be attorney

of record. Respondent further stated there were concerns of serious "home cooking" in the case and requested Judge A issue an order transferring venue.

On February 17, 2016, a hearing in the case was conducted before another family court judge (Judge B). During the hearing, respondent stated: "Unfortunately [Judge A] and I no longer interact with each other. We have been recused from each other." At the time respondent made this statement, Judge A had not issued an order of recusal and no motion for recusal was pending. Upon questioning, respondent admitted she did not know whether Judge A had issued an order of recusal.

On February 22, 2016, Judge A emailed a letter to the attorneys of record in the family court matter. Judge A advised that she had neither recused herself from the case nor from hearing any matters regarding any attorney or law firm involved in the case.

Respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1, (a lawyer shall provide competent representation to a client which requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation); Rule 3.5(b) (a lawyer shall not communicate ex parte with a judge during a proceeding unless authorized to do so); Rule 8.4(a) (it is professional misconduct to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct to engage in conduct that is prejudicial to the administration of justice). Respondent has also violated Rule 402(k), SCACR (according to the Lawyer's Oath, lawyers will maintain respect and courtesy due to courts of justice and judicial officers, treat opposing parties with integrity and civility in all written communications and will maintain the respect due to courts of justice and judicial officers).

Respondent also admits the facts described constitute grounds for discipline under Rule 7(a) of the RLDE (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter B

Respondent represented clients in a domestic action. On January 7, 2016, respondent sent an email to opposing counsel (Complainant) which read in part:

> From what I've seen of your County, I am little impressed with their ability to protect children.

Additionally, I understand that [counsel involved in the case] was having lunch with [counsel for the Department of Social Services (DSS)]. Shall we call impropriety there and have that matter addressed with [counsel for DSS]?

This is a simple issue of a severe burn. By continuing to claim my actions were improper you are additionally accusing the judge of two judicial canon violations. "Your" county is the only county that operates this way. I think this matter needs to rest until either [one family court judge] rules or our judge next week rule (sic).

Respondent copied her client on the email.

On January 28, 2016, respondent sent an email to counsel for DSS, which read, in part:

The copy I saved was tracked. As if this is a major life crisis, you can always compare the documents electronically. That option is located right in the same place as track and change. I did not turn off the track and change as I included notes for your consideration. If a copy of the order goes out without my objections, I will file an appeal. You are required to note objections to the Court, but I understand that ex parte and improper communications with the court are normal in your county. I have personally seen you ex parte [a family court judge] in this case, and I know [another family court judge] was ex parted prior to the last hearing. This matter has already been brought to the attention of the office of disciplinary counsel, your general counsel (useless as usual), and will be appealed. Your blatant disregard for my clients' due process rights is unbecoming.

(Underline in original.)

Respondent copied numerous parties on the email, including the Complainant and general counsel for DSS.

Respondent admits this conduct violates the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct to engage in conduct that is prejudicial to the administration of justice). Respondent also admits that she has

violated Rule 402(k), SCACR (according to the Lawyer's Oath, lawyers will treat opposing parties with integrity and civility in all written communications and will maintain the respect due to courts of justice and judicial officers).

## Conclusion

We accept the Agreement for Discipline by Consent and find respondent's misconduct warrants a public reprimand.  Accordingly, we publicly reprimand respondent for her misconduct.  Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of the matters discussed in this opinion.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**